————o————

## No. 6387.

## R. P. HYAMS COAL CO. vs. E. J. RIXNER.

### Syllabus.

Where the evidence is insufficient the plaintiff will be non-suited.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 106,196. Honorable F. D. King, Judge.

J. E. Zunts, H. R. Outlaw, for plaintiff and appellant.
Legier & Gleason, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the 'Court, as follows:

This is a suit for the price of certain coal which plaintiff, a wholesaler, claims to have **sold** to defendant and **delivered** to one Bazilique, a retailer.

The trial Judge after allowing plaintiff every reasonable opportunity to make out its case finally concluded that the suit was simply an effort to convert a **collateral** understanding, not provable by parol, into an original understanding, not open to the same objection; in other words, where defendant appears to have agreed orally to answer as surety for Bazilique, it is now sought to hold him as the principal debtor.

The writer thinks the District Judge held rightly. The plaintiff put three witnesses on the stand, but established no nearer connection between defendant and the account sued on than that he promised to pay for the coal delivered to Bazilique; whilst, on the other hand it was shown that defendant had not the slightest interest in the retail coal business conducted by Bazilique, but on the contrary bought coal from the latter and paid for it; that both before and since the account herein sued on, Bazilique and plaintiff had business dealings with each other, and that the only change in their relations at this time was that the account was charged on plaintiff's books to the defendant, instead of to Bazilique, but there is no proof nor attempt at proof that defendant had knowledge of the fact. Hence, to the writer the debt appears to have been that of Bazilique, and defendant's undertaking to have been collateral, and hence not provable by parol. The writer therefore thinks that the judgment herein should be affirmed.

But a majority of the Court think otherwise. To them it appears that plaintiff has simply failed to make out a case by a sufficiency of evidence.

They also think that defendant's failure to take the witness stand in his own behalf has a bearing on the evidence; but they are of opinion that he should not be prejudiced by this in view of the attitude taken by the Judge **a quo** which rendered this testimony unnecessary.

They are, therefore, of opinion that a judgment of non suit herein will be fair to both parties.

It is, therefore, ordered that the judgment appealed from be amended and made one of non suit only, and that as thus amended it be affirmed; defendant to pay the costs of appeal and plaintiff those of the Court below.

Opinion and decree, May 31st, 1915.